UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:10-11070

****************************************
\*
\*
B.C. PRODUCE, INC.                                          \*
                                                            \*
         Plaintiff                                          \*
                                                            \*
VS.                                                         \*       **COMPLAINT**
                                                            \*
                                                            \*
GARY'S ULTIMATE FRUIT, INC.,                                \*
GARY BAKER, A/K/A GARY H. BAKER,                            \*
AND JAMES J. BAKER A/K/A JAY BAKER                          \*
                                                            \*
         Defendants                                         \*
                                                            \*
****************************************

**Jurisdiction and Venue**

1.   Jurisdiction is based upon 7 U.S.C. § 499e(c), the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq., [hereinafter "PACA"], and 28 U.S.C. §§ 1331 and 1332.

2.   Venue in this District is based upon 28 U.S.C. § 1391 in that the Plaintiff and the Defendants have a place of business or residence in this District.

**Parties**

3.   Plaintiff B.C. Produce, Inc. [hereinafter "BC Produce"] is a Massachusetts corporation company, with an usual place of business in Chelsea, Suffolk County, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in

interstate commerce pursuant to PACA.  BC Produce was at all pertinent times and is now licensed under PACA, License No. 19179618.

4. Defendant Gary's Ultimate Fruit, Inc. (hereinafter "GUFI") is a Massachusetts corporation with an usual place of business in Orleans, Massachusetts, engaged in the business of buying and selling wholesale quantities of Produce in interstate commerce pursuant to PACA.

5. Defendant Gary Baker, also known as Gary H. Baker, is a resident of Orleans, Barnstable County, Massachusetts and is or was the President, Treasurer and Director of GUFI ("Gary Baker").

6. Defendant James J. Baker, also known as Jay Baker, is a resident of Orleans, Barnstable County, Massachusetts ("Jay Baker").

7. Jay Baker does or did business under the name and style of Gary & Jay's Ultimate Produce.

COUNT I
*Goods Sold and Delivered - GUFI*

8. The allegations in paragraphs 1 through 7 are incorporated as if fully set forth herein.

9. GUFI owes BC Produce the sum of $32,972.17 for Produce sold and delivered as more fully set forth on the account annexed as Exhibit A to the Complaint and incorporated herein by reference.

**WHEREFORE**, BC Produce demands judgment against GUFI for the sum of $32,972.17, plus interest at the rate of 1.5% per month from May 31, 2010, attorneys fees and costs.

<u>COUNT II</u>
*Contract – GUFI*

10. The allegations in paragraphs 1 through 9 are incorporated as if fully set forth herein.

11. On diverse dates, GUFI contracted with BC Produce to purchase certain items of Produce at wholesale.

12. BC Produce performed its obligations and delivered the agreed upon and Produce in Chelsea, Massachusetts.

13. Payment for all items purchased from BC Produce by GUFI was due within 30 days of the date of purchase.

14. GUFI is responsible for the payment of collection costs and attorneys fees.

15. GUFI has failed, neglected and refused to make payment of the agreed upon price for the Produce

16. GUFI owes BC Produce the sum of $28,129.50 plus interest at the rate of 1.5% per month from the due date of each invoice.

**WHEREFORE**, BC Produce demands judgment against GUFI for the sum of $32,972.17 plus interest at the rate of 1.5% per month from May 31, 2010, attorneys fees and costs.

<u>COUNT III</u>
*Goods Sold and Delivered - Jay Baker*

17. The allegations in paragraphs 1 through 7 are incorporated as if fully set forth herein.

18. Jay Baker owes BC Produce the sum of $2,600.42 for Produce sold and delivered as more fully set forth on the account annexed as Exhibit B to the Complaint and incorporated herein by reference.

**WHEREFORE**, BC Produce demands judgment against Jay Baker for the sum of $2,600.42 plus interest at the rate of 1.5% per month from May 31, 2010, attorneys fees and costs.

### COUNT IV
*Contract – Jay Baker*

19. The allegations in paragraphs 1 through 7 and 17 and 18 are incorporated as if fully set forth herein.

20. On diverse dates, Jay Baker contracted with BC Produce to purchase certain items of Produce at wholesale.

21. BC Produce performed its obligations and delivered the agreed upon and Produce in Chelsea, Massachusetts.

22. Payment for all items purchased from BC Produce by Jay Baker was due within 30 days of the date of purchase.

23. Jay Baker is responsible for the payment of collection costs and attorneys fees.

24. Jay Baker has failed, neglected and refused to make payment of the agreed upon price for the Produce

25. Jay Baker owes BC Produce the sum of $2,368.32 plus interest at the rate of 1.5% per month from the due date of each invoice.

WHEREFORE, BC Produce demands judgment against GUFI for the sum of $2,600.42 plus interest at the rate of 1.5% per month from May 31, 2010, attorneys fees and costs.

## COUNT V
### *GUFI and Gary Baker*
### *PACA Trust Enforcement and*
### *Dissipation of PACA Trust Assets By Responsible Individuals*

26. The allegations in paragraphs 1 through 16 are incorporated as if fully set forth herein.

27. GUFI is required to be licensed under PACA, but is not so licensed.

28. During the year 2008, and prior thereto, Plaintiff sold Produce to GUFI in interstate commerce.

29. Plaintiff duly delivered said Produce, which was accepted by GUFI in Chelsea, Massachusetts.

30. At the time of the delivery of the Produce to GUFI, Plaintiff became the a beneficiary of a floating, non-segregated statutory trust (the "PACA Trust") consisting of all produce and produce related assets, funds derived from the sale of produce, including all funds commingled with funds from other sources and all assets procured with such funds in the possession or control of GUFI since the creation of the PACA Trust.

31. Plaintiff duly preserved its status as a beneficiary of the PACA Trust and remains a beneficiary until payment in full is made for the Produce.

32. GUFI is required to ensure that it has sufficient PACA Trust assets on hand to pay Plaintiff at the time payment is due.

33. Payment for the Produce is overdue and has not been made by GUFI despite demand by the Plaintiff.

34. GUFI has dissipated the PACA Trust assets and has failed to make full payment promptly of all amount due to the Plaintiff from the PACA Trust Assets in violation of PACA and the regulations of the Department of Agriculture promulgated thereunder, 7 C.F.R. § 46.2 et seq.

35. Gary Baker is a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B).

36. Gary Baker failed to fulfill his statutory duties to preserve the PACA Trust assets and make full payment promptly to Plaintiff for the Produce.

37. The failure of GUFI and Gary Baker to maintain the PACA Trust Assets and pay Plaintiff for the Produce was an unlawful dissipation of PACA Trust assets.

38. As a result of the acts, neglect and failures of GUFI and Gary Baker, Plaintiff has not been paid and suffered great loss and damage.

WHEREFORE, Plaintiff demands judgment against GUFI and Gary Baker, jointly and severally, for the sum of thirty-two thousand nine hundred seventy-two and 17/100 dollars ($32,972.17), attorneys fees, interest at the rate of 1.5% per month from May 31, 2010 and costs.

## COUNT VI
*Successor Liability-GUFI to Jay Baker*

39. The allegations of paragraphs 1 through 38 are adopted and incorporated herein by reference as if fully set forth.

40. On or about October 2008, Gary Baker transferred the business and assets of GUFI, including the assets of the PACA Trust, to Jay Baker.

41. Jay Baker has succeeded to the assets and liabilities of GUFI.

WHEREFORE, Plaintiff demands that this Court

1. Determine the liability of GUFI to the Plaintiff;

2. Enter judgment against Jay Baker for the entire amount of the liability of GUFI to the Plaintiff;

3. Award Plaintiff such other and further relief as is just.

## COUNT VII
*Fraudulent Transfer-GUFI to Jay Baker*

42. The allegations of paragraphs 1 through 41 are adopted and incorporated herein by reference as if fully set forth.

43. The transfer of the business and assets of GUFI by Gary Baker to Jay Baker was made at a time that GUFI was insolvent.

44. The transfer of the business and assets of GUFI by Gary Baker to Jay Baker rendered GUFI insolvent.

45. The transfer of the business and assets of GUFI by Gary Baker to Jay Baker was made for less than full and fair consideration.

46. The transfer of the business and assets of GUFI by Gary Baker to Jay Baker was made to avoid claims of creditors.

WHEREFORE, Plaintiff demands that this Court

1. Determine the liability of GUFI to the Plaintiff;
2. Enter judgment against Jay Baker for the entire amount of the liability of GUFI to the Plaintiff;
3. Award Plaintiff such other and further relief as is just.

## COUNT VIII
*(Mass. G.L. c. 93A §§ 2 and 11)*
*GUFI & Gary Baker*

47. The allegations in paragraphs 1 through 16 and 26 through 46 are incorporated as if fully set forth herein.

48. Plaintiff is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

49. GUFI is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

50. Gary Baker is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

51. GUFI purchased and obtained goods from the Plaintiff with knowledge or reason to know or intending that it would be unable to make timely payment therefor.

52. Gary Baker caused and permitted GUFI to make the above referenced purchases.

53. GUFI and Gary Baker, and each of them, caused and permitted the dissipation of the PACA Trust Assets, leaving insufficient PACA Trust Assets to make timely payment to the Plaintiff.

54. GUFI and Gary Baker, and each of them, violated their respective fiduciary duties to Plaintiff.

55. The foregoing acts and practices constitute unfair or deceptive acts and practices.

56. The unfair and deceptive acts and practices were committed willfully and/or with knowledge or reason to known that the same violated G.L. c. 93A §§ 2 and 11.

57. As a result of the unfair and deceptive acts and practices of GUFI and Gary Baker, and each of them, the Plaintiff has suffered and continue to suffer great loss and damage.

58. The conduct of GUFI and Gary Baker giving rise to the loss and damage suffered by the Plaintiff took place primarily and substantially in Massachusetts.

**WHEREFORE**, Plaintiff demands judgment against GUFI and Gary Baker, jointly and severally, as follows:

   1. Single damages for Plaintiff in the amount of its loss and damage;

   2. Multiple damages of at least twice and up to three times the single damage award;

3.  Interest at the contract rate or the statutory rate from the due date of each invoice;

4.  Attorney fees and costs; and

5.  Such other and further relief as this court deems just and mete.

COUNT IX
*Jay Baker*
*PACA Trust Enforcement and*
*Dissipation of PACA Trust Assets By Responsible Individuals*

59. The allegations in paragraphs 1 through 46 are incorporated as if fully set forth herein.

60. Jay Baker is required to be licensed under PACA, but is not so licensed.

61. During the year 2009, Plaintiff sold Produce to Jay Baker in interstate commerce.

62. Plaintiff duly delivered said Produce, which was accepted by Jay Baker in Chelsea, Massachusetts.

63. At the time of the delivery of the Produce to Jay Baker and to his predecessor in interest, Plaintiff became the a beneficiary of a floating, non-segregated statutory trust (the "PACA Trust") consisting of all produce and produce related assets, funds derived from the sale of produce, including all funds commingled with funds from other sources and all assets procured with such funds in the possession or control of Jay Baker since the creation of the PACA Trust.

64. Plaintiff duly preserved its status as a beneficiary of the PACA Trust and remains a beneficiary until payment in full is made for the Produce.

65. Jay Baker is required to ensure that it has sufficient PACA Trust assets on hand to pay Plaintiff at the time payment is due.

66. Payment for the Produce is overdue and has not been made by Jay Baker despite demand by the Plaintiff.

9

67. Jay Baker has dissipated the PACA Trust assets and has failed to make full payment promptly of all amount due to the Plaintiff from the PACA Trust Assets in violation of PACA and the regulations of the Department of Agriculture promulgated thereunder, 7 C.F.R. § 46.2 et seq.

68. Jay Baker is a "responsibly connected" person under PACA, 7 U.S.C. § 499a(9)(B).

69. Jay Baker failed to fulfill his statutory duties to preserve the PACA Trust assets and make full payment promptly to Plaintiff for the Produce.

70. The failure of Jay Baker to maintain the PACA Trust Assets and pay Plaintiff for the Produce was an unlawful dissipation of PACA Trust assets.

71. As a result of the acts, neglect and failures of Jay Baker, Plaintiff has not been paid and suffered great loss and damage.

WHEREFORE, Plaintiff demands judgment against Jay Baker for the sum of thirty-five thousand five hundred seventy-two and 59/100 dollars ($35,572.59), attorneys fees, interest at the rate of 1.5% per month from May 31, 2010 and costs.

COUNT X
*(Mass. G.L. c. 93A §§ 2 and 11)*
*Jay Baker*

72. The allegations in paragraphs 1 through 46 and 59 through 71 are incorporated as if fully set forth herein.

73. Plaintiff is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

74. Jay Baker is engaged in trade or commerce as defined by G.L. c. 93A in the Commonwealth of Massachusetts.

75. Jay Baker purchased and obtained goods from the Plaintiff with knowledge or reason to know or intending that it would be unable to make timely payment therefor.

76. Jay Baker caused and permitted the dissipation of the PACA Trust Assets, leaving insufficient PACA Trust Assets to make timely payment to the Plaintiff.

77. Jay Baker violated his fiduciary duties to Plaintiff.

78. The foregoing acts and practices constitute unfair or deceptive acts and practices.

79. The unfair and deceptive acts and practices were committed willfully and/or with knowledge or reason to known that the same violated G.L. c. 93A §§ 2 and 11.

80. As a result of the unfair and deceptive acts and practices of Jay Baker, the Plaintiff has suffered and continue to suffer great loss and damage.

81. The conduct of Jay Baker giving rise to the loss and damage suffered by the Plaintiff took place primarily and substantially in Massachusetts.

**WHEREFORE**, Plaintiff demands judgment against Jay Baker jointly and severally, as follows:

1. Single damages for Plaintiff in the amount of its loss and damage;

2. Multiple damages of at least twice and up to three times the single damage award;

3. Interest at the contract rate or the statutory rate from the due date of each invoice;

4. Attorney fees and costs; and

5. Such other and further relief as this court deems just and mete.

> B.C. PRODUCE, INC.
> By Its Attorneys
> OSBORNE & FONTE
>
> /s/ Andrew M. Osborne, Esq.
> BBO# 380455
> 20 Eastbrook Road
> Dedham, MA 02026
> 781-326-3875
> ozzvis@yahoo.com

11

Case 1:10-cv-11070-GAO   Document 1   Filed 06/24/10   Page 12 of 14

B. C. Produce Inc.
41 NEPC Chelsea, MA 0215                                                              EXHIBIT A

Gary's Ultimate Fruit
15 Rayber Rd.
Orleans, MA 02653

| Invoice Due Date | Invoice Date | Invoice Amount | Payment Invoice Number | Invoice Date | Interest to 12/31/08 | Running Balance | Payment | Balance |
|---|---|---|---|---|---|---|---|---|
| | 7/11/2008 | | 291749 | 8/10/2008 | 162.00 | 33.00 | 129.00 | 9.22 | 138.22 |
| | 7/11/2008 | | 291750 | 8/10/2008 | 384.00 | | 384.00 | 27.46 | 411.46 |
| | 7/14/2008 | | 291854 | 8/13/2008 | 2904.00 | | 2904.00 | 204.73 | 3108.73 |
| | 7/16/2008 | | 292119 | 8/16/2008 | 690.00 | | 690.00 | 47.96 | 737.96 |
| | 7/16/2008 | | 292130 | 8/16/2008 | 324.00 | | 324.00 | 22.52 | 346.52 |
| | 7/18/2008 | | 292421 | 8/18/2008 | 1998.00 | | 1998.00 | 136.86 | 2134.86 |
| | 7/21/2008 | | 292535 | 8/21/2008 | 850.00 | | 850.00 | 56.95 | 906.95 |
| | 7/23/2008 | | 292754 | 8/23/2008 | 1998.00 | | 1998.00 | 131.87 | 2129.87 |
| | 7/23/2008 | | 292755 | 8/23/2008 | 126.00 | | 126.00 | 8.32 | 134.32 |
| | 7/25/2008 | | 292933 | 8/23/2008 | 1374.00 | | 1374.00 | 89.31 | 1463.31 |
| | 7/25/2008 | | 293009 | 8/23/2008 | 450.00 | | 450.00 | 29.25 | 479.25 |
| | 7/25/2008 | | 293037 | 8/23/2008 | 54.00 | | 54.00 | 3.51 | 57.51 |
| | 8/4/2008 | | 293680 | 9/3/2008 | 1300.00 | | 1300.00 | 77.35 | 1377.35 |
| | 8/4/2008 | | 293684 | 9/3/2008 | 320.00 | | 320.00 | 19.04 | 339.04 |
| | 8/11/2008 | | 294309 | 9/10/2008 | 1019.00 | | 1019.00 | 57.06 | 1076.06 |
| | 8/15/2008 | | 294713 | 9/14/2008 | 696.00 | | 696.00 | 37.58 | 733.58 |
| | 8/15/2008 | | 294714 | 9/14/2008 | 408.00 | | 408.00 | 22.03 | 430.03 |
| | 8/18/2008 | | 294800 | 9/17/2008 | 2146.00 | | 2146.00 | 112.67 | 2258.67 |
| | 8/18/2008 | | 294843 | 9/17/2008 | 175.00 | | 175.00 | 9.19 | 184.19 |
| | 8/27/2008 | | 295544 | 9/26/2008 | 1700.00 | | 1700.00 | 81.60 | 1781.60 |
| | 8/27/2008 | | 295546 | 9/26/2008 | 999.00 | | 999.00 | 47.95 | 1046.95 |
| | 9/4/2008 | | 296114 | 10/4/2008 | 171.00 | | 171.00 | 7.52 | 178.52 |
| | 9/4/2008 | | 296116 | 10/4/2008 | 1091.00 | | 1091.00 | 48.00 | 1139.00 |
| | 9/16/2008 | | 297023 | 10/16/2008 | 864.00 | | 864.00 | 32.83 | 896.83 |
| | 9/16/2008 | | 297029 | 10/16/2008 | 830.00 | | 830.00 | 31.54 | 861.54 |
| | 9/19/2008 | | 297450 | 10/19/2008 | 288.00 | | 288.00 | 10.51 | 298.51 |
| | 9/22/2008 | | 297534 | 10/22/2008 | 612.00 | | 612.00 | 21.42 | 633.42 |
| | 9/22/2008 | | 297536 | 10/22/2008 | 927.00 | | 927.00 | 32.45 | 959.45 |
| | 9/25/2008 | | 297834 | 10/25/2008 | 265.00 | | 265.00 | 8.88 | 273.88 |
| | 9/25/2008 | | 297840 | 10/25/2008 | 160.00 | | 160.00 | 5.36 | 165.36 |
| | 10/3/2008 | | 298520 | 11/2/2008 | 687.00 | | 687.00 | 20.27 | 707.27 |
| | 10/10/2008 | | 299106 | 11/9/2008 | 710.50 | | 710.50 | 18.47 | 728.97 |

| Date | Num | Date2 | Amount | | | | |
|---|---|---|---|---|---|---|---|
| 10/10/2008 | 299188 | 11/9/2008 | 360.00 | | 360.00 | 9.36 | 369.36 |
| 10/21/2008 | 299918 | 11/20/2008 | 1120.00 | | 1120.00 | 22.96 | 1142.96 |
| 12/31/2008 | | | 28162.50 | 33.00 | 28129.50 | 1502.00 | 29631.50 |
| 9/1/2009 | 4352 | | | 294.00 | | | 29337.50 |
| 12/31/2009 | | | | | 28129.50 | 1524.96 | 30862.46 |
| 5/31/2010 | | | | | 28129.50 | 2109.71 | 32972.17 |

B. C. Produce Inc.                                           EXHIBIT B
41 NEPC Chelsea, MA 0215

Gary & Jay's Ultimate Fruit                        Terms: Net 30 days
15 Rayber Rd.                                          Interest 1.5%
Orleans, MA 02653

| Invoice Due Date | Invoice Date | Invoice Amount | Payment | Invoice Number | Invoice | Interest to 12/31/08 | Running Balance | | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | 10/16/2009 | | | 326676 | 11/15/2008 | 952.00 | 889.68 | 62.32 | 1.43 | 63.75 |
| | 10/16/2009 | | | 326678 | 11/15/2008 | 400.00 | | 400.00 | 9.20 | 409.20 |
| | 10/22/2009 | | | 327075 | 11/21/2008 | 314.00 | | 314.00 | 7.22 | 321.22 |
| | 10/22/2009 | | | 327080 | 11/21/2008 | 374.00 | | 374.00 | 8.60 | 382.60 |
| | 10/27/2009 | | | 327424 | 11/26/2008 | 885.00 | | 885.00 | 20.36 | 905.36 |
| | 10/27/2009 | | | 327428 | 11/26/2008 | 333.00 | | 333.00 | 7.66 | 340.66 |
| | 12/31/2009 | | | | | 3258.00 | 889.68 | 2368.32 | 54.47 | 2422.79 |
| | 5/31/2010 | | | | | | | 2368.32 | 177.62 | 2600.42 |

14